UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80131-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

VICTOR KALABA,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

The Defendant, Viktor Kalaba, also known as Victor Kalaba, through counsel, respectfully files this Motion for Downward Departure or Variance, and in support thereof, states:

1. The Presentence Investigation Report ("PSI") in this case recommends a guideline range of 15 to 21 months imprisonment. (DE 25: ¶53). Mr. Kalaba requests that this Court sentence him below that guideline range.

2. Until the age of 45, the United States was the only home that Mr. Kalaba knew. His family was originally from Albania, but they became political refugees there. His mother was held in a concentration camp in Albania. (DE 25: ¶33). His parents ultimately fled Albania, and sought refuge in Yugoslavia. This is where Mr. Kalaba was born. (De 25: ¶32). His parents moved to the United States before he was one year old. (DE 25: ¶35). Mr. Kalaba grew up in the United States and was educated here. He graduated high school in New York. (DE 25: ¶43). Both of Mr. Kalaba's

parents became naturalized citizens, and all of his siblings, except one, are either native born or naturalized U.S. citizens. Mr. Kalaba has 3 native born, U.S. citizen children. (*See* DE 25: ¶36). He also has native born, U.S. citizen grandchildren. Mr. Kalaba does not know any family outside of the United States. His cultural and familial ties are all within the United States. Such circumstances can justify a downward departure based on cultural assimilation. U.S.S.G. § 2L1.2, comment. n.8.

3. The sentencing factors pursuant to Title 18, United States Code Section 3553(a) further support a sentence below the low end of the guidelines in this case. Mr. Kalaba's mother, aged 98, has failing health. His family recently believed she was going to pass away. This motivated Mr. Kalaba to return to the United States so that he could see his mother. However, he recognizes that this was wrong, and has accepted responsibility in this case. He should not have returned to the United States without permission, and he should not have remained after he saw her and her health stabilized.

4. Mr. Kalaba's guideline range is largely based on his conviction for a case from 2005. (See DE 25: ¶¶11&27). He is receiving an 8 level enhancement, as well as all 3 of his criminal history points because of this conviction. (DE 25: ¶¶11,27-28). If it were not for this conviction, his guideline range would be 0-6 months. However, this conviction is nearly old enough to not count toward his criminal history or his offense level. This conviction would have become too old to score in 2024. Because of his release date in 2009, Mr. Kalaba's guidelines are increased by 15 months for conduct that occurred more than 17 years ago. This guideline range fails to

appropriately consider the remoteness of this other criminal conduct and fails to account for Mr. Kalaba's incredibly strong ties to the United States.

Wherefore, the Defendant, Viktor Kalaba requests that this Court sentence him below the low end of his guideline range.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: *s/M. Caroline McCrae*
M. Caroline McCrae
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 72164
250 S Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Phone:  (561) 833-6288
Email:  caroline_mccrae@fd.org -

## CERTIFICATE OF SERVICE

I HEREBY certify that on December 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/M. Caroline McCrae*
M. Caroline McCrae