UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80131-CANNON/REINHART

UNITED STATES OF AMERICA,

vs.

VICTOR CHRISTOPHER KALABA,

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

The United States of America, through the undersigned Assistant United States Attorney, hereby files the government's opposition to Defendant Victor Christopher Kalaba's ("Kalaba") Motion for Downward Departure or Variance (DE 28).  The government recommends that the defendant be sentenced at the low-end of the guideline range, and in support thereof, states:

1. On October 6, 2022, Defendant Kalaba pled guilty to Count 1 of the Indictment (DE 18). Count 1 charges the defendant with Illegal re-entry after removal, in violation of Title 8 United States Code, Section 1326(a) and (b)(2) (DE 11).

2. The Presentence Investigation Report ("PSI") in this case recommends a guideline range of 15 to 21 months imprisonment. (DE 25: ¶53).

3. Defendant Kalaba previously resided in the United States as a refugee from Albania. DE 29-1).  The defendant was removed from the United States on or about May 27, 2010, following an aggravated felony conviction. (DE 25: ¶¶4, 5).  Specifically, in Southern District of New York docket number 2005-00680-Cr-Brieant, Defendant Kalaba was convicted of conspiracy to commit access device fraud and access device fraud. He was sentenced to 46 months imprisonment, 3 years supervised release and ordered to pay $206,484.03 in restitution. the defendant owes $170,988.31 in outstanding restitution. (DE 25: ¶48).

4.  On August 14, 2022, the defendant was arrested in Palm Beach County, Florida for driving under the influence after having been observed driving a vehicle southbound in the northbound lanes of a public road (See Docket No. 2022CT013286A). (DE 25: ¶¶3, 30).  The next hearing in the state case is January 19, 2023.

5. Defendant Kalaba's criminal history includes prior arrests and convictions for driving under the influence. (DE 25: ¶¶21, 22, 24, 25).

6. As the Court is aware, 18 U.S.C. § 3553(a) outlines several factors to be considered when fashioning a sentence that is sufficient, but not greater than necessary to achieve the sentencing goals set forth in that section. The Court, after calculating the advisory guideline range, may consider those factors in determining whether a sentence outside the advisory guideline range is appropriate. The probation officer in this matter, like the government, has not identified any factors that may warrant a departure and/or variance. (DE 25: ¶62). Rather, the government submits that a guideline sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.

Wherefore, the government requests that this Court deny Defendant Kalaba's Motion for a Downward Departure or Variance and sentence the defendant at the low end of his guideline range.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:     *s/Sarah J. Schall*
Sarah J. Schall
Assistant United States Attorney
Court No. A5501805
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Tel. No. (786) 360-9896
Sarah.schall@usdoj.gov

**Certificate of Service**

I certify that on December 6, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system.

/s/ Sarah J. Schall
Sarah J. Schall
Assistant United States Attorney